FILED

MAR 29 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30158 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-00002-BLW-2 |
| v. | |
| VANESSA CATTANEA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Argued and Submitted February 10, 2011
Seattle, Washington

Before: B. FLETCHER, PAEZ, and IKUTA, Circuit Judges.

Appellant Vanessa Cattanea ("Cattanea") seeks reversal of her jury

conviction for Medicaid fraud under 18 U.S.C. § 1347. She argues that the district

court committed several errors over the course of the trial, including: (1) failing to

grant her motion to sever her trial from that of her co-defendant; (2) erroneously

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

instructing the jury on the element of intent; and (3) denying her motion for judgment of acquittal based on insufficiency of the evidence. She also argues that the prosecution made improper and prejudicial comments in its closing argument. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

First, Cattanea challenges the district court's denial of her motion to sever. We review the district court's ruling for abuse of discretion. *United States v. Mayfield*, 189 F.3d 895, 899 (9th Cir. 1999). A party moving for severance based on the need for a co-defendant's testimony must show that he or she would call the co-defendant to testify, that the co-defendant would testify, and that the testimony would be favorable to the moving party. *United States v. Hernandez*, 952 F.2d 1110, 1115 (9th Cir. 1991); *United States v. Castro*, 887 F.2d 988, 998 (9th Cir. 1989). Here, the district court denied Cattanea's motion based on its conclusion that she "failed to make any showing that [her co-defendant] would in fact testify on her behalf if severance was granted." The record reflects that Cattanea failed to make any statement or offer any evidence as to the likelihood that Hamilton, her co-defendant, would in fact testify at her separate trial. The district court, therefore, did not abuse its discretion. *See Castro*, 887 F.2d at 998 (upholding a trial court's denial of a motion to sever because the movant failed to make the

foundational showing that his co-defendant "offered or agreed to testify" on his behalf).

Cattanea argues that the district court failed to consider the effect of *United States v. Cuozzo*, 962 F.2d 945, 950 (9th Cir. 1992). *Cuozzo*, however, in no way calls the holding of *Castro* into question, nor does it expressly alter its test as to the movant's initial burden. This argument is therefore unavailing.

Second, Cattanea argues that the district court erred in its instructions to the jury as to "intent to defraud." We review the district court's failure to instruct that good faith constituted a complete defense to the crime de novo, *United States v. Perdomo-Espana*, 522 F.3d 983, 986 (9th Cir. 2008), and its instruction that the jury could conclude that the defendant acted with the requisite intent if the government proved that she "acted with reckless indifference to the truth or falsity of statements" for plain error, *United States v. Barajas-Montiel*, 185 F.3d 947, 953 (9th Cir. 1999).

As to the first issue, the district court committed no error because "a criminal defendant has 'no right' to *any* good faith instruction when the jury has been adequately instructed with regard to the intent required to be found guilty of the crime charged, notwithstanding the normal rules governing 'theory of defense'

requests." *United States v. Shipsey*, 363 F.3d 962, 967 (9th Cir. 2004) (citation omitted).

As to the second objection, in *United States v. Dearing*, 504 F.3d 897, 903 (9th Cir. 2007), we upheld the use of reckless indifference language in an instruction on intent to defraud as an element of 18 U.S.C. § 1347, the Medicaid fraud statute at issue here. Thus, the district court did not commit plain error in instructing that the jury could find specific intent if the government proved Cattanea "acted with reckless indifference to the truth or falsity of statements."

Third, Cattanea argues that the district court erred in denying her motion for acquittal due to the insufficiency of the evidence from which a jury could find beyond a reasonable doubt that she acted with intent to defraud a health care benefit program. We review the sufficiency of the evidence de novo, *United States v. LeVeque*, 283 F.3d 1098, 1102 (9th Cir. 2002), and consider whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (citing *Johnson v. Louisiana*, 406 U.S. 356, 362 (1972)).

In the light most favorable to the prosecution, the evidence presented at trial would allow a rational trier of fact to conclude that the government proved the

essential elements of the crime of Medicaid fraud, including intent, beyond a reasonable doubt. The trial testimony reflects that Cattanea instructed her employees to generate notes that inaccurately reflected both where the provision of services took place and who provided the services. In addition, the testimony revealed that Cattanea made misleading statements to a Medicaid auditor. In light of Cattanea's apparent knowledge of the Medicaid regulations, a rational fact finder could infer that Cattanea had the specific intent to defraud Medicaid in order to maximize profits at Teton.

Cattanea's fourth and final argument is that the prosecutor made improper and prejudicial remarks to the jury, precluding a fair trial. Specifically, Cattanea points to the government's statements to the jury that Cattanea reached an agreement with her co-defendant Hamilton to maximize Teton's billings in exchange for her promotion to treatment director of all three Teton facilities.

We review the question of whether the government made improper closing arguments to which the defendant did not object for plain error. *United States v. Brown*, 327 F.3d 867, 871 (9th Cir. 2003). The government's statements were not improper because, although they were unsupported by direct evidence, an inference could be drawn from the evidence that Cattanea was rewarded for her acquiescence in Teton's policy of maximizing billing. Further, even if the government's

statements were improper, they were not prejudicial because the jury was explicitly instructed that statements made by the prosecution in its closing argument are not evidence.

**AFFIRMED.**